**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| REY HENRIQUEZ, : | |
| : | Civil Action No. 11-3504 (NLH) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| DEPARTMENT OF CORRECTIONS, : | |
| et al., : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

Petitioner <u>pro se</u>
Rey Henriquez
GD1107
SCI Coal Township
1 Kelley Drive
Coal Township, PA 17866

**HILLMAN**, District Judge

This matter is before the Court on Petitioner Rey Henriquez's Petition for habeas corpus relief.[1] He has paid the $5.00 filing fee. Petitioner is an inmate confined at the State Correctional Institution at Coal Township, in Coal Township, Pennsylvania. He has named as respondents in this action the Department of Corrections, the Superintendent of SCI Coal Township, Unit Manager D-Block, and B-Side Counselor. It appears that Petitioner seeks to be transferred to the New Jersey Department of Corrections pursuant

---

[1] The matter was docketed as an action filed pursuant to 28 U.S.C. § 2254, however, Petitioner drafted the petition pursuant to 28 U.S.C. § 2241 as referenced in the petition.

to the Interstate Corrections Compact. Petitioner seeks only interstate transfer; he does not seek a reduction in the time of his sentence. The relief requested in the petition is that Petitioner requests for this Court to "grant a hearing in this matter and/ or issue a Rule to Show Cause on the respondents." For reasons discussed below, the Petition for habeas corpus relief must be denied with prejudice for lack of jurisdiction, or in the alternative, as meritless.

## I.  DISCUSSION

A.  Sua Sponte Dismissal

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970). Nevertheless, a federal district court can dismiss a

habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. §§ 2243, 2255.

B.   Section 2241 Jurisdiction

Section 2241 jurisdiction is limited to the district in which a petitioner is being held in custody.   28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 500 (1973) (personal jurisdiction over a federal habeas corpus petition pursuant to 28 U.S.C. § 2241 lies in the federal district in which the custodian of the petitioner resides); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994)("[a] district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district"); United States v. Kennedy, 851 F.2d 689, 690 (3d Cir. 1988); Valdivia v. Immigration and Naturalization Serv., 80 F.Supp.2d 326, 332-333 (D.N.J. 2000).

By Petitioner's own admission, he is confined at a state correctional facility in Coal Township, Pennsylvania, and was confined there at the time of filing his petition.  Since Petitioner is currently confined in Pennsylvania, this Court has no

personal jurisdiction pursuant to 28 U.S.C. § 2241(a).  As such, the petition will be dismissed for lack of jurisdiction.

B.   The Petition Is Meritless

In the alternative to lack of jurisdiction, the petition is nevertheless meritless.

The pending petition, dated June 15, 2011, was received by the Clerk of the Court for the United States District Court, District of New Jersey on June 17, 2011.  Petitioner did not pay the filing fee nor did he submit an application to proceed in forma pauperis. Accordingly, the matter was administratively terminated on June 23, 2011.  Petitioner paid the filing fee on July 18, 2011 and the matter was thereafter reopened for consideration.

In the petition, Petitioner states that on August 9, 2010 he attempted to file a request to transfer to the State of New Jersey, pursuant to the Interstate Corrections Compact but was "given the run-around."  He states that subsequent requests to transfer were not approved and that he received a denial letter from the Department of Corrections on January 21, 2011.  Petitioner appears to have attempted to exhaust his remedies but has not received the relief sought, namely, a transfer from the Pennsylvania system to New Jersey.  He now seeks a hearing or an order to show cause regarding this issue.

On June 28, 2011, the Clerk of the Court for the United States District Court, Middle District of Pennsylvania received from

Petitioner what appears to be the exact petition originally submitted in this Court, dated June 15, 2011.[2]  On July 26, 2011, Chief Judge Yvette Kane of the Middle District of Pennsylvania denied the petition without prejudice, citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973), for the proposition that while a prisoner seeking to challenge the fact or duration of his confinement must seek relief via a habeas corpus petition, habeas corpus is not the appropriate means when the relief sought by a prisoner does not affect the duration of confinement.

Further, Chief Judge Kane quoted the Third Circuit's holding in <u>Leamer v. Fauver</u>, 288 F.3d 532, 542 (3d Cir. 2002):

> [W]henever the challenge ultimately attacks the 'core of habeas' – the validity of the continued conviction or the fact or length of the sentence – a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in the plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Petitioner's petition in the Middle District of Pennsylvania was denied without prejudice.

Here, Petitioner states that he wishes to transfer from SCI Coal Township to an unspecified facility in New Jersey.  He does not seek a reduction in sentence or release from custody.  Though he does not explicitly state so in his petition, Petitioner apparently seeks for this Court to issue an order to force the

---

[2] <u>Henriquez v. Moore Smeal, et al</u>, 1:11-cv-01217.

Pennsylvania Department of Corrections to transfer him to the New Jersey Department of Corrections.  A petition for a writ of habeas corpus is not the proper avenue by which Petitioner may seek such relief.  Even if such a request was to be granted, the potential transfer does not appear to be related to the fact or duration of Petitioner's confinement.  As such, in the alternative to lack of jurisdiction, the pending petition will be denied as without merit.[3]

## CONCLUSION

For the foregoing reasons, the petition will be dismissed with prejudice because this District Court lacks jurisdiction over the matter, or in the alternative, because the petition is meritless.  An appropriate order follows.


At Camden, New Jersey               s/ Noel L. Hillman
                                    Noel L. Hillman
                                    United States District Judge

Dated: February 24, 2012

---

[3] This Court does not express any opinion as to the merits of Petitioner's claims should he present them in the future as civil rights claims pursuant 42 U.S.C. § 1983 filed in the proper venue.